FREDERICK BROWN, Plaintiff in Error, *v.* THE PEOPLE, etc., Defendants in Error.

ERROR TO WINNEBAGO.

A justice of the peace who has imposed a fine upon a person for a contempt of his court, can imprison him until the fine and costs are paid.

THIS was an application to the Judge of the Circuit Court for a *habeas corpus*, to discharge plaintiff in error from imprisonment under an execution against his body, for an alleged contempt committed before Garver, justice of the peace.

The petition shows, that the applicant, an attorney of said court, while on his way to court, on the morning of the filing of the petition, was arrested and was then confined in jail, on a warrant against his body, a copy of which warrant was annexed to the petition, and was in substance as hereinafter set forth.

A writ of *habeas corpus* was issued to the sheriff of Winnebago county, requiring him to produce the body of the applicant, with cause of detention.

The return of the sheriff was, that he detains him in obedience to a warrant of commitment, with the body of Brown, and attaches the warrant to his return.

The warrant of commitment, dated February 6th, 1858, recites, that on January 23rd, 1858, while the justice, John Garver, who issued the warrant, was engaged in the trial of a cause, the said Brown willfully and contemptuously interrupted the proceedings in said cause by making a great disturbance, and refused to cease when ordered to do so.

That thereupon the said justice convicted the said Brown of contempt, and fined him five dollars, and adjudged that he be

committed to jail until he paid the fine, or was discharged by due course of law.

The warrant, therefore, commands the officer to take the body of said Brown, and commit him to the county jail, and deliver to the keeper of said jail the warrant, which also required the said keeper to detain him until he paid the fine or was discharged by course of law.

The Judge, SHELDON, presiding, denied the motion to discharge plaintiff in error, and remanded him.

The error assigned is the refusal of the motion to discharge, and the remanding of the plaintiff in error.

J. M. WIGHT, for Plaintiff in Error.

W. BUSHNELL, State's Attorney, for The People.

CATON, C. J. The only question in this case is, whether a justice of the peace, who has imposed a fine for a contempt of his court, can imprison the party till the fine and costs are paid. Of this power we have no doubt. Such a power is indispensable to the proper administration of justice in these as well as all other courts. The statute has authorized justices' courts to impose a fine of five dollars for contempts, and to this extent it may be considered a limitation upon their power to fine for contempts, and it may even be held to take away the right to imprison directly for contempts; but, surely, it could never have been the intention of the legislature, to limit the power of these courts to enforce the collection of such fines by the well-known modes previously practiced for the collection of such fines, and which is allowed for the collection of all other fines. It is a rule of the common law, that all courts of justice possess the power to protect themselves from contempts, by fine and imprisonment, and this was intended to be limited and regulated, in justices' courts, rather than taken away. Should we hold that the only means these courts have of protecting themselves is by imposing fines and issuing ordinary executions to collect them, we might as well at once close the doors of these courts altogether. It is no protection at all against all the worthless and irresponsible vagabonds who may come or be brought into the presence of these tribunals. A simple fine and a *fi. fa.* can have no terrors for one who has nothing, and never expects to have anything, out of which the fine could be made. The justice may fill his docket with such fines, and be laughed at all the time for his trouble. It is a matter of perfect indifference to such a party, whether he is fined five cents or five thousand dollars; and this is the class of men by whom such indignities are most generally

offered, and against whom the court most needs power to protect itself. It was within the power of the justice, and it was his duty, to imprison the party guilty of the contempt, till the fine and costs were paid. We affirm the judgment, without a moment's hesitation.

*Judgment affirmed.*