## WILLIAM NEWTON

*v.*

## FRANK LOCKLIN.

1. TRESPASS TO PERSON—*arrest without warrant.* Where the plaintiff was arrested, without any warrant, while peaceably passing along the streets, on the charge of having been in a state of intoxication on the streets in the morning or middle of the same day, being sober at the time of the arrest, and forcibly taken before a police magistrate without showing any authority when demanded, and when brought before the magistrate, then engaged in other business, he was committed to the calaboose for abusive language to the magistrate, where he was detained over night, it was *held*, that he was entitled to recover against the defendants so arresting and detaining him, in an action of trespass for assault and battery and false imprisonment.

2. ARREST—*without warrant.* Where a party was arrested in the evening, while peaceably passing along the streets, without any warrant, and no statute or town ordinance was shown justifying the arrest, and the violation of no law or ordinance was charged at the time, it was *held*, that the arrest was illegal, notwithstanding the party so arrested may have been intoxicated some time during the same day, but not in the view of the parties arresting him.

3. CONTEMPT—*power of justice of the peace to punish for.* A police magistrate or justice of the peace has no power to imprison a party for a contempt of court. He can only inflict a fine not exceeding $5. In fining, he can order that if the fine is not paid the party be committed until the same is paid. In such a case, the imprisonment is only a means of collecting the fine, and not a punishment.

4. EXCESSIVE DAMAGES—*imprisonment.* Where a party was arrested without warrant, for the violation of an ordinance, not in view of the officer arresting, and taken before a police magistrate, who ordered his incarceration for abusive and insulting language, when he only had power to fine for contempt, it was *held*, in an action by the party so arrested and imprisoned, for the trespass, against the officers, that $200 were greater than should have been allowed, but not so flagrantly excessive as to justify setting aside the verdict of the jury on the ground that it was the result of passion or prejudice.

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. CREA & EWING, for the appellant.

Mr. P. A. HAMILTON, and Mr. S. R. REED, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass assault and battery and false imprisonment, brought to the circuit court of Piatt county, by Frank Locklin, and against William Newton, Christopher Williams, Harvey Bensley, Samuel Templin and Joseph Idleman, of whom Williams and Idleman were not served, and the action was dismissed as to Templin.

As to the other defendants, Newton and Bensley, the cause was submitted to the jury without any pleadings by them, under a stipulation that they might introduce in evidence all such matters and things as would be admissible under pleas properly pleaded.

The jury found for the plaintiff, against Newton and Bensley, and assessed his damages at three hundred and twenty-five dollars.

The defendants moved for a new trial, whereupon the plaintiff remitted one hundred and twenty-five dollars, and the court overruled the motion and rendered judgment for two hundred dollars, and the defendant Newton appeals.

The points made by appellant are: 1. That the judgment is against the law and the evidence. 2. That the damages are excessive.

The facts are, briefly, that Williams and Bensley, as special policemen, without any warrant, arrested plaintiff on the street in the town of Bement, he then peaceably passing along the street on his own legitimate business, stopping at a corner where a crowd was gathered. In spite of plaintiff's demand for their authority, he was forcibly taken before Newton, the police magistrate and justice of the peace. The only pretense for this arrest, as we understand the testimony, was, that plaintiff had, on the morning or middle of that day, been on the street in a state of intoxication, and making loud

noises, but had gone home, slept off his debauch, and in the evening went in search of his cow. Williams had been instructed by Templin, the marshal of the town of Bement, to "arrest the plaintiff when he came down that evening, drunk or sober."

When brought before the magistrate, who was at the time engaged in making out an order for a change of venue in a small case for the violation of a town ordinance, the plaintiff demanded a trial, and the authority under which he was arrested, and being told by the magistrate his case would soon be attended to, he became very abusive and insolent to the magistrate, who thereupon ordered him to be committed to the calaboose for a contempt of court, where he was taken by Idleman and Williams, and retained over night, and this is the cause of this action.

That the verdict is against the evidence, is not apparent. Here was a citizen, no matter how bad his habits or character may have been, arrested while quietly pursuing his business, and with no charge against him, and without a warrant, and confined in the town prison for an alleged contempt of the court before which he was brought.

That the arrest in the first instance was illegal, there is no doubt. It was not shown to have been made by virtue of, or under the authority of any statute or town ordinance, nor was the violation of the one or the other charged at the time. The policeman had been ordered by the town marshal to arrest the plaintiff on sight. It is seldom we are called upon to pass judgment on conduct like this, it not having the semblance of law in its support.

As to the magistrate, he exceeded his powers by committing the plaintiff to prison for the alleged contempt. He should have looked to the statute book before he acted. By looking there he would have found the extent of his power. Section 50, R. S. 1845, and which is now section 123 of the act July 1, 1872, provides, that "every person who shall appear before a justice of the peace when acting as such, or

who shall be present at any legal proceeding before a justice, shall demean himself in a decent, orderly and respectful manner, and for failure to do so, such person shall be fined by the said justice for contempt, in any sum not more than five dollars."

To this point the magistrate could have advanced in the first instance, and, under the authority of *Brown* v. *The People*, 19 Ill. 613, he could have ordered, if the fine was not paid, he should be committed until it should be paid. This principle is clearly established in *Brown's* case, *supra*. It is there strongly implied that, as to the contempt itself, the power of the magistrate is limited to the assessment of a fine, and takes away the right to imprison directly for contempt. It was there said, however, it could never have been the intention of the legislature to limit the power of these courts to enforce the collection of such fines by the well known modes previously practiced for the collection of such fines, and which is allowed for the collection of all other fines.

This doctrine was approved in *Ex parte Bollig*, 31 ib. 88, where it was said, imprisonment is the mode merely of collecting the fine imposed.

That the conduct of appellee, when in the magistrate's court, was disorderly, contemptuous, and deserving of punishment, is clear, but the magistrate should have observed the statute in inflicting the punishment. He had no right to order his incarceration as punishment for the contempt. In so doing, he became amenable to this action, and must bear the consequences.

As to the damages, they are greater than should have been awarded, but to say they are flagrantly excessive, so much so as to inspire the belief they are the result of passion or prejudice, we can not.

On the whole record, we must affirm the judgment, for the instructions are essentially correct, and a fair trial has been had.

*Judgment affirmed.*