Town of Sheffield v. O'Day.

THE TOWN OF SHEFFIELD

V.

JAMES O'DAY ET AL.

1. FINE UNDER ORDINANCE—ENFORCING PAYMENT—IMPRISONMENT.— The imprisonment of an offender for a failure to pay a fine imposed for violation of an ordinance, is not in satisfaction of the judgment, but only a means of enforcing payment of such judgment, and is no defense to an action of

*scire facias* against the sureties on the appeal bond of such offender, to recover the amount of such judgment and costs.

2. LIMITATION OF IMPRISONMENT.—The proviso in the act of 1879 in regard to imprisonment of offenders, is only a limitation upon the time of such imprisonment.

APPEAL from the Circuit Court of Bureau county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed December 4, 1880.

*Scire facias* upon appeal bond under Act of May 31, 1879, Session Laws 1879, aage 190. The *scire facias* shows that the appellant recovered a judgment before a justice of the peace for $130, against the appellee, O'Day, for a violation of an ordinance of said town, from which he appealed to the circuit court, the other appellees, Guy and Hussey, becoming his sureties upon the appeal bond. That at the December term of said court the appeal of said O'Day was dismissed, and judgment entered in that court for the $130 and costs of suit, and avers that said judgment is still in full force and unpaid.

To the *scire facias* the defendants Guy and Hussey pleaded that at the time of the rendition of said judgment by said court, it was also ordered by said court that said O'Day should be committed to the jail of said county for the period of six months, or until said judgment and costs were paid, or he was otherwise discharged by law, etc., and aver that in pursuance of said order, on the 22d day of December, 1879, the clerk of said court issued a mittimus directed to the sheriff of said county, commanding him to take the body of said James O'Day, and him keep in the county jail for six months, or until said judgment was paid, or he was otherwise discharged, etc.

And that said writ was duly executed by said sheriff on the 19th of February, 1880, by the arrest of said O'Day, and, on his refusal to pay, his commitment to jail.

And that said O'Day is now in said jail, and is now paying said judgment by imprisonment. That plaintiff having elected to take the body of said O'Day in execution, said bond is, as to defendants, canceled, discharged, and rendered of none effect, etc.

Town of Sheffield v. O'Day.

To this plea the appellant interposed a demurrer, which was overruled by the court, and the appellant electing to abide by its demurrer, judgment was rendered in favor of the defendants for their costs, and the town brings the record to this court by appeal.

Messrs. FARWELL & WARREN, for appellant; that the common law rule as to satisfaction by imprisonment has no effect here, for the reason that there is here no imprisonment for debt, cited Strode v. Broadwell, 36 Ill. 419.

The offender is not imprisoned in satisfaction of the fine, but as a means of compelling its payment: Brown v. The People, 19 Ill. 613; *Ex parte* Bollig, 31 Ill. 88.

Messrs. ECKELS & KYLE, for appellees; that taking the body of the debtor in execution was a discharge of the debt, cited Strode v. Broadwell, 36 Ill. 410.

The constitutional provision in relation to imprisonment for debt, does not apply to judgments rendered in actions for torts. The People v. Cotton, 14 Ill. 414; McKindley v. Rising, 28 Ill. 337.

PILLSBURY, J.   The counsel for appellees assume the position, first:   That the plaintiff had the right to elect whether they would take the body of James O'Day and confine him in jail for the period of six months, or proceed on the appeal bond to collect the judgment out of the securities.   They could not have two satisfactions.   They could not hold O'Day in confinement for six months and also collect the judgment off the securities, and having elected to take the body, they thereby discharged the securities; and second, the legislature has so far changed the common law in relation to imprisonment for debt in action of tort, as to limit the period of imprisonment to six months.

And reference is made to the Act of April 12, 1879, Session Laws, 1879, page 70, as sustaining their position.   That act is as follows:

"That in all cases for the violation of any ordinance of any

city or village, organized under any general or special law of this State, the first process shall be a summons. Provided, however, that a warrant for the arrest of the offender may issue in the first instance, upon the affidavit of any person that any such ordinance has been violated, and that the person making the complaint has reasonable grounds to believe the party charged is guilty thereof; and any person arrested upon such warrant shall, without unnecessary delay, be taken before the proper officer, to be tried for the alleged offense. Any person upon whom any fine or penalty shall be imposed, may, upon the order of the court or magistrate before whom the conviction is had, be committed to the county jail or the calaboose, city prison, work-house, house of correction, or other place provided by such cities or villages, by ordinance, for the incarceration of such offenders, until such fine, penalty and cost shall be fully paid. Provided, that no such imprisonment shall exceed six months for any one offense. The city council or board of trustees of any such cities or villages shall have power to provide, by ordinance, that every person so committed shall be required to work at such labor as his or her strength will permit, within and without such prison, work-house, house of correction, or other place provided for the incarceration of such offenders, not to exceed ten hours each working day; and for such work the person so employed, or worked, shall be allowed, exclusive of his or her board, the sum of fifty cents for each day's work on account of such fine and costs."

Counsel of both parties, in their briefs, admit that by the common law the arrest of the debtor under *capias ad satisfaciendum*, operated as a satisfaction of the judgment during his confinement, and if the plaintiff consented to the discharge of the defendant, the judgment and debt were extinguished, because, having taken the debtor's body in satisfaction, his release by the plaintiff was a voluntary acknowledgment that the debt had been paid by the detention, or that the plaintiff would forego his debt rather than to be put to further expense by keeping the debtor confined.

If, then, treating such statement as the rule of the common law, the imprisonment provided for by the statute is de-

Town of Sheffield v. O'Day.

signed by the legislature to be a satisfaction of a fine imposed upon a defendant for a violation of a city or village ordinance analogous to the satisfaction by imprisonment for debt at the common law, then the position of appellees cannot be successfully controverted.  As counsel for both parties concede that the provisions of the above statute apply to the Town of Sheffield, we shall, for the purpose of this case, act upon such concession, observing, in passing, that if it does not, no express legislative authority is shown to the court justifying the order for imprisonment entered in this case, in the absence of which, the order would be void and could be no satisfaction of the judgment rendered.

It is well known that generally, if not in all cases, cities, towns and villages, in this State, whether incorporated under general or special acts of the legislature, were authorized by their charters to provide for the imprisonment of offenders against their ordinances until the fines and costs adjudged against them by judicial authority were paid.  And until the enactment of the general incorporation law of 1872, there was no limitation of the time of such imprisonment in case of a continued refusal or neglect to pay such fine.  Relief from such imprisonment could be perhaps obtained by an equitable construction of section 195 of criminal code, providing for the discharge of persons having no estate with which to pay fine and costs imposed for the commission of a criminal offense.  It was so suggested in the case of *Ex parte* Bollig, 31 Ill. 88.

To remedy this defect, and to fix the time beyond which a party could not thus be imprisoned, the statute of 1879 was enacted, making the law upon this question uniform in all the cities and villages of the State; this act being substantially the same as section 68 of the general incorporation act of 1872. Authority is given to the court or magistrate, before whom the conviction is had by this statute of 1879, to order the defendant to be imprisoned in the county jail, or the calaboose, city prison, workhouse, house of correction, or other place provided by cities or villages, by ordinance, for the incarceration of such offenders, until such fine and costs be fully paid.  Then follows

the proviso that no such imprisonment shall exceed six months for any one offense. The words of the proviso, " such imprisonment," evidently refer to the imprisonment which the court is authorized to inflict, viz: for a failure or refusal to pay the fine, and not by way of punishment to the offender for the offense committed.

In our opinion, the proviso does not change the character of the imprisonment, but limits the time of its duration. No substantial difference is perceived between the power conferred upon the court to order the imprisonment of the offender under this statute, and that conferred upon the court by the charter of the Town of Princeton, under which the case of *Ex parte* Bollig, *supra*, was decided. It was there held, and we think it equally applicable to the statute under consideration, that the whole extent of the punishment was the assessment of the fine, and that the imprisonment was but a mode provided for collecting the fine and costs; that the imprisonment was incident to the power to fine, and could not be regarded in the light of punishment.

There is certainly nothing in this portion of the statute indicating that the imprisonment of itself is a satisfaction of the judgment. It empowers the court to adopt a very effectual remedy for the collection of the fine and costs. The court derives the power to imprison from the statute itself, and not from any action of the city or village, except in so far as the place of confinement is to be designated by ordinance, and unless the intent to make the imprisonment a satisfaction of the judgment is clearly expressed, we should not attribute to the legislature the design of depriving the municipality of the right to a money satisfaction of its judgment and costs, without any such expressed desire upon its part. What the effect would be in this case, if the municipality had provided for working the offender under the provision of the same statute, does not arise upon this record, as the plea does not aver that the appellant had ever exercised the power conferred, but until it does so provide it cannot be compelled to accept its pay in labor.

The order of the court in this case, while perhaps not ex-

pressed as clearly as it might be, sufficiently indicates that the imprisonment will cease upon the payment of fine and costs, and that in no event is it to continue beyond the period of six months, thus conforming to the statute.

This proceeding, under this statute, is the same as prevails when a party is fined in a court of record for an offense against the criminal code. In such case the power is given the court, by § 452 of the code, to order the offender committed to the county jail until such fine and costs are fully paid, and it has never been supposed that such committal of itself paid the fine, or that the people could not at the same time enforce the collection of the fine and costs by execution, even while the defendant was still in custody.

The appellees, the sureties of O'Day, bound themselves by their bond that their principal should pay the judgment of the circuit court.

The appellant, through the court, has adopted the method considered the most efficacious to compel O'Day to pay the judgment, but as yet, as we have seen, has received no satisfaction. We think the effort to coerce payment by imprisonment is beneficial to the sureties; at least it cannot be said to be to their prejudice, and therefore they are not released.

The plea, in our opinion, is no answer to the *scire facias*, and the demurrer should have been sustained to it. For the error in overruling the demurrer to the plea, the judgment of the court below will be reversed, and the cause remanded.

                                    Reversed and remanded.