STATE EX REL. POINDEXTER, ATTORNEY GENERAL, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,693.)

(Submitted June 28, 1915. Decided July 3, 1915.)

[149 Pac. 958.]

*Criminal Law—Misdemeanors—Fine—Imprisonment for Non-payment—Statutes—Judgment—Validity.*

Criminal Law—Fine—Valid Judgment.
1. *Held,* that a judgment in a case of misdemeanor, imposing a fine of $500, and providing that in default of payment the defendant be imprisoned "for the term of one day for each $2 of said fine," is sufficiently definite and certain to meet the requirements of section 9371, Revised Codes.

[As to sentence of imprisonment till a fine is paid, see note in 12 Am. St. Rep. 202.]

Same—Fine—Imprisonment for Nonpayment—Statutes.
2. Section 9371, Revised Codes, declaring that a judgment that the defendant in a criminal prosecution pay a fine and costs, may direct that he be imprisoned till both fine and costs are satisfied, *held* applicable to a case where a fine only is the penalty imposed.

Same — Judgment — Fine — Imprisonment for Nonpayment — Not Part of Penalty.
3. That part of a judgment in a prosecution for a misdemeanor that in case of default in the payment of a fine imposed the defendant be imprisoned for the term of one day for each $2 thereof, does not constitute imprisonment as a penalty, but imprisonment imposed conditionally to enforce payment of the penalty—the fine.

Original application by the State, on the relation of J. B. Poindexter, attorney general, for writ of supervisory control,

against the district court of the first judicial district in and for the county of Lewis and Clark, and J. M. Clements, a judge thereof.   Order annulled.

*Mr. J. B. Poindexter*, Attorney General, *Mr. A. H. McConnell* and *Mr. Jos. P. Donnelly*, for Relator; *Mr. Donnelly* argued the cause orally.

*Mr. J. H. Brass*, for Respondents, argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On March 22 of this year John Abel was, by information filed in the district court of Lewis and Clark county, charged with a violation of the statute relating to the keeping of wine-rooms in connection with saloons (Laws 1907, Chap. 170; Rev. Codes, secs. 8382–8389).   On May 12 he was tried in department 2 of said court, Honorable J. Miller Smith presiding, and found guilty; the jury fixing his punishment by imposing a fine of $500.   On May 15 the court pronounced judgment: "That the said John Abel be punished by a fine of $500, and in default of payment that he be imprisoned in the county jail of the county of Lewis and Clark, in the state of Montana, for the term of one day for each $2 of said fine not paid."   Thereupon, the fine not having been paid, Abel was committed to jail, the order of commitment being a certified copy of the judgment. On June 12 he applied to the Honorable J. M. Clements, the judge presiding in department 1 of the court, for his release on *habeas corpus*.   Judge Clements held the judgment void, for that it failed to "specify the extent of the imprisonment," and ordered the petitioner released.   Thereupon the attorney general applied to this court for an order under its supervisory power annulling the order of release on the ground that Judge Clements erred in his construction of the law applicable.

The first violation of the Act subjects the offender to a fine of not less than $100 nor more than $1,000.   A second violation subjects him to imprisonment in the county jail for a term

not less than thirty days nor more than one year, and disability for a period of one year to obtain or hold in his own name or that of any other person a license to sell any malt, spirituous or intoxicating liquor. (Rev. Codes, sec. 8388.) The portion of the judgment directing the imprisonment of Abel in default of his payment of the fine was added under section 9371 of the Revised Codes, which is the following: "A judgment that the defendant pay a fine and costs may also direct that he be imprisoned until both fine and costs are satisfied, specifying the extent of the imprisonment, which must not exceed one day for every two dollars of the fine and costs." The theory upon which Judge Clements proceeded was that, while a judgment [1] pronounced in accordance with this provision may fix the time of imprisonment for a less number of days than that found by dividing the amount of the fine by two, it must nevertheless in all cases state definitely the number of days, and that an omission to thus fix the time renders the judgment void *pro tanto*. In other words, though the wording of the order, without so stating, clearly indicates the number of days the imprisonment must continue, the judgment is nevertheless void unless it names the number. We think that the expression "specifying the extent of the imprisonment, which must not exceed," *etc.*, does not clothe the court with discretion to fix the time of imprisonment, but is intended merely to fix a limitation beyond which the court may not go. (*Ex parte Ellis*, 54 Cal. 204.) Consideration of this feature of the statute is not pertinent here, however; for the question determined by Judge Clements and submitted to us is whether the judgment as pronounced by Judge Smith is upon the face of it sufficiently definite and certain to meet the requirements of the statute. Now, if we omit the words "not paid," there can be no doubt as to the extent of the imprisonment imposed by the judgment. The fine imposed is the definite sum of $500, which is within the maximum provided by section 8388, *supra;* and imprisonment "for the term of one day for each $2 of said fine" must, from any rational point of view, be construed to mean imprisonment

until the fine is paid, not exceeding 250 days, the quotient pro-
duced by dividing 500 by 2, the measure of *per diem* fixed.
This satisfies all the requirements of the statute, for the period
of imprisonment is as definitely fixed as if the statement had
been added, "not to exceed 250 days." (*Ex parte Sing Ah
Tong,* 84 Cal. 165, 24 Pac. 181.) The addition of the words
"not paid" does not render the judgment indefinite. The
statute itself does not provide that the defendant shall be re-
leased upon the payment of any portion of the fine not satis-
fied by the imprisonment. If it be assumed that it may be so
construed as to imply this, the words "not paid" can be
assigned no other meaning than that the petitioner will be en-
titled to release upon making payment. In any event, he can-
not complain that the judgment in this respect is more liberal
toward him than the statute requires.

Some contention is made by counsel for respondent that,
[2] since section 8388, *supra,* authorizes the imposition of a
fine only, and section 9371 provides for imprisonment where
the payment of both fine and costs is imposed, the latter sec-
tion has no application to a case in which a fine only is the pen-
alty. It is sufficient answer to this contention to say that the
purpose of the section is to provide a summary method of en-
forcing payment in all cases not otherwise provided for, where
the penalty imposed is the payment of a sum of money; the
method provided in section 9374 being cumulative.

Counsel says in his brief that section 8388 clearly does not
authorize the court to impose a sentence of imprisonment for
[3] a first offense, and that the court exceeded its jurisdic-
tion in imposing imprisonment in this case. Herein counsel
overtook the distinction between imprisonment imposed as a
penalty and imprisonment imposed conditionally under the
statute. The latter is no part of the penalty, and, as we have
already said, is one of the methods of enforcing it; and, while
it is true that the imprisonment suffered by an offender in the
enforcement of the penalty for the first offense may possibly
continue for a longer time than that provided as a penalty for

a second offense, this does not at all indicate that the legislature intended that the payment of a fine imposed for a first offense should be enforced by execution only. If the offender cannot pay the fine, or any part of it, he may be released from prison under the provisions found in section 9373. If he is contumacious, and, though able to do so, refuses to pay, he cannot justly complain; section 9374 providing that he must be imprisoned for the full term ascertained as provided in section 9371.

The order of the district court is annulled.

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.