ERNEST GILBERT SPINLER, Petitioner, v. the STATE OF
MONTANA and EDWARD ELLSWORTH, JR., Warden
of the State Penitentiary of the State of Montana, Re-
spondents.

No. 11536.
Submitted Sept. 26, 1968.
Decided Nov. 1, 1968.
446 P.2d 429.

William F. Crowley, argued, Missoula, for appellant.

Forrest H. Anderson, Atty. Gen., Charles M. Joslyn, argued,
Asst. Atty. Gen., Helena, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the opinion
of the Court.

This is a petition for a writ of habeas corpus or other appropriate post-conviction remedy brought to this Court by the Montana Defender Project for an indigent prisoner.

Petitioner pled guilty on June 20, 1966, in the district court of the eighth judicial district, Cascade County, to the crime of uttering and delivering a fraudulent check. A pre-sentence investigation was made revealing that petitioner was out on bond on other check charges in Liberty and Toole counties. At the June 20, 1966 hearing petitioner was given a 5 year deferred sentence and placed under the supervision of the Montana State Board of Pardons.

On April 14, 1967, the court was advised by the Pardons Board that the petitioner had left the State without permission. He was arrested and returned to Montana. At the hearing following the violation of the deferred sentence it was revealed that prior to leaving Montana petitioner had cashed a no-account check in Great Falls in January.

At the time of the sentencing the district judge had before him considerable information concerning the petitioner's background revealed by a pre-sentence field investigation. The report revealed a white 36 year old alcoholic; a man who 4 years previously had sold a ranch for $100,000; had paid up his indebtedness and still had $20,000 left to go into the trucking business, which sum was lost in a short time because of his alcoholism; a father of 8 children and a wife who divorced him in June 1966; a man against whom there is a court order to pay $400 per month to his wife with no means of livelihood to pay it.

At the time the petitioner filed his petition in the district court seeking release from the state prison, he also filed an affidavit setting forth the following additional facts: that he owned no real or personal property; that he owed a finance company $687.65; that the support payments for his children had accrued to $7,200 and was growing at the rate of $400 each month. No argument was heard from the State to contradict

these facts so we may assume that the district court concluded, as we must, that the petitioner is an indigent.

On April 14, 1967 Judge Bradford made an order revoking the deferred imposition of sentence and ordered the petitioner confined in the state penitentiary at hard labor for a period of 3 years and, in addition thereto, fined him the sum of $3,000 to be paid upon the completion of the 3 year sentence, if payment be not made said fine to be served out at the rate of $2 per day.

From April 14, 1967 to October 13, 1967, the petitioner served time in the state penitentiary on his 3 year sentence. On October 13, 1967, petitioner was paroled to begin service on his fine.

The petitioner argues that since the court was aware that he was indigent the imposition of a $3,000 fine in addition to a term of 3 years was a denial of equal protection of the law, in that if one had the money he could pay the fine but in petitioner's case he can neither pay the fine nor can he receive "good time" credit on the 1500 days he must serve in lieu of payment.

There can be no argument with the proposition that it is a valid exercise of the court's discretion to impose a jail term in default of payment of a fine. The court may do so both in the case where the substantive statute provides for a fine only and in the case where the statute provides for a fine or imprisonment or both. In re Londos, 54 Mont. 418, 170 P. 1045; In re Pyle, 72 Mont. 494, 243 P. 254; State ex rel. Poindexter v. District Court et al., 51 Mont. 186, 149 P. 958; State v. Bogue, 142 Mont. 459, 384 P.2d 749.

In this cause if it were possible for Spinler to qualify for parole on the fine as he can on his prison sentence, he would have been eligible for parole after serving in the neighborhood of 17 months. He has already served that period of time. In our view we should adjust the penalty so as to achieve equal protection of the law. This can be accomplished by modifying the judgment in this cause to a term of three years.

It is ordered that the judgment entered in the eighth judicial district court in the case of State of Montana v. Spinler be amended by striking therefrom the provision for imposition of a fine, and as so amended such judgment will stand affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, ADAIR and CASTLES concur.