THE STATE v. ANWERDA.

THE STATE v. OCHSLAGER.

THE STATE v. ZANGS.

THE STATE v. KAISER.

THE STATE v. DOOLEY.

Criminal Law: IMPRISONMENT: WHEN CONVICTED OF NUISANCE. A defendant convicted of nuisance and sentenced to pay a fine can only be ordered to be imprisoned for a term of which the number of days shall be equal to one for every three and one-third dollars of the fine; and if sentenced to confinement at hard labor, he is entitled to a credit upon the judgment of one dollar and fifty cents for each day's labor. Following *The State v. Jordan*, 39 Iowa, 387.

*Appeal from Wapello District Court.*

FRIDAY, DECEMBER 18.

*Stiles & Burton, O. N. Lyman, John B. Ennis* and *W. H. C. Jacques,* for appellants.

*M. E. Cutts, Attorney-General,* for the State.

COLE, J.—THESE cases severally involve the same question, and no other, as was involved and decided in the case of *The State v. Jordan*, 39 Iowa, 387. It was there *held* that a defendant convicted for nuisance and sentenced to pay a fine, could only be ordered to be imprisoned so long as that the number of days multiplied by three and one-third should equal the amount of the fine; and that a sentence to confinement at hard labor would entitle the defendant to a credit of one dollar and fifty cents per day for each day's labor, upon the fine; that the three and one-third dollars per day limited the duration of imprisonment, but did not entitle the defendant to any credit upon the fine, but he is entitled to a credit on the fine of one dollar and fifty cents per day for every day he may labor, where sentenced thereto. Following that case, the judgment in each of these cases is modified accordingly, and with such modification, at the costs of appellee is

AFFIRMED.