## GALLES v. WILCOX.

1. **Criminal Law:** REDUCTION OF IMPRISONMENT BY PARTIAL PAYMENT OF FINE. One convicted of a crime and adjudged to pay a fine, and in default thereof to be imprisoned for a time named, cannot, after being imprisoned, pay a portion of the fine, and then demand that his term of imprisonment shall be reduced *pro tanto*; but he must serve for the whole term, unless the whole of the fine is sooner paid.

*Appeal from Hardin District Court.*

FRIDAY, APRIL 23.

HABEAS CORPUS. Upon a hearing of the cause, it was adjudged that plaintiff be remanded to the custody of defendant, the sheriff and jailer of the county. The facts of the case fully appear in the opinion. Plaintiff appeals.

*Fred Gilman,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

Beck, J.—I. The plaintiff was convicted upon an indictment for a crime, and sentenced to pay a fine of $100, and to be imprisoned until the fine be paid, "not to exceed thirty days." Upon this judgment a warrant was issued, and thereon plaintiff was committed to jail. After he had been imprisoned he paid $25 upon the fine. When he had served twenty days he claimed discharge on the ground that his fine had been reduced by payment, and that he could be no longer imprisoned than one day for every three and one-third dollars of the fine remaining unpaid.

II. Counsel bases his claim for the correctness of the position upon Code, § 4509, which is in these words: "A judgment that defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine." The duration of the imprisonment was determined, under this section, by the amount of the fine. That duration was thirty days. It was fixed and certain, and did not depend upon future partial payments of the fine. The judgment was that he should be imprisoned for thirty days, unless the fine should be sooner paid. The term of imprisonment was for the whole fine. The statute does not contemplate that the convict shall himself control and direct the manner of the enforcement of the judgment against him by choosing to serve in jail for a part of his fine, and to pay the balance of it in money.

The district court rightly remanded the plaintiff to the custody of the sheriff's jailer.

AFFIRMED.