## Ex-Parte Lott Bryant.

1. In a case of larceny where the convict is sentenced to pay a fine, with directions for commitment to custody until it is paid, the fine is the penalty, and the commitment only a process for enforcing the payment thereof.

2. A sentence to pay a fine, and that the "sheriff do keep you in custody until the judgment of the court is complied with," is not itself a violation of section 8 of the Bill of Rights of this State in regard to "indefinite imprisonment." The sentence with award of process does not necessarily create any imprisonment; and neither the award nor a holding under it can be said to create indefinite imprisonment in the absence of circumstances shown making it so.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*John S. Beard*, for Petitioner.

The *Attorney-General* for Respondent.

THE CHIEF JUSTICE delivered the opinion of the Court:

At the fall term of the Circuit Court for Leon county, Lott Bryant was convicted of larceny. The sentence was "that you, Lott Bryant, for your said offense, do forfeit and pay to the State of Florida the sum of two hundred dollars, and that you pay the costs of this prosecution, including a fee of ten dollars to the State's Attorney, to be taxed by the clerk, and that the sheriff do keep you in custody until the judgment of this court is complied with." Thereupon he was taken to jail. He now files a petition in this court representing that he is "illegally held and detained in the common jail of said county by * the sheriff * * upon and

by virtue of a commitment issued upon said judgment and sentence, which sentence (he) submits * is void, as being contrary to and in violation of section 8, of the Bill of Rights of the State of Florida," and praying for writ of *habeas corpus*, which was granted. The sheriff makes return that he holds petitioner by virtue of the commitment aforesaid.

Is the sentence void for the reason alleged? The section 8 referred to is this: "Excessive bail shall not be required, nor excessive fines be imposed, nor cruel or unusual punishment, or *indefinite imprisonment be allowed*, nor shall witnessess be unreasonably detained." It is contended that the sentence, in case the fine is not paid, amounts to perpetual imprisonment, and that this is in conflict with the protection allowed by the clause italicized.

This view rests upon the assumption that in committing the prisoner to custody until he paid the fine, that was a part of the penalty imposed. But such assumption is not well founded. The penalty, or the punishment adjudged, was the fine—the custody adjudged, was the mode of executing the sentence, that is of enforcing the payment of the fine. This is in accordance with the rule of the common law under which a sentence in larceny to pay a fine was accompanied, as in the present case, with an order of commitment until the payment was made. Bishop on Cr. Pro., secs. 1132, 1135; Davis vs. State of Georgia, 22 Geo., 98; Hill vs. State, 2 Yerger, (10 Tenn.) 248. The commitment might be to the sheriff or generally until payment of the fine. The King vs. Bethel, 5 Mod., 21. We are cited to Howard vs. the People, 3 Mich., 207, and to Gurney vs. Tufts, 37 Maine, 130, for authorities sustaining a different rule. In the latter case imprisonment was ordered "until (the party) perform the sentence, or be otherwise discharged by due course of law." The court held this to be illegal be-

cause the statute applicable to the case only authorized a sentence that the party "stand committed for thirty days in default of payment." This was a case, therefore, in which there could be no general commitment, the court being restrained by special statute. The Michigan case is different. It does not hold a doctrine in conflict with that of all the other authorities we have seen, but professes to base it on certain statutes, which, so far as we can see, do not call for the decision given. We cannot follow this in opposition to the well established rule of the common law.

What then is meant when it is said "indefinite imprisonment" shall not be allowed?

If it be doubtful whether it relates alone to the penalty awarded, and not also, as in a case of larceny where a fine is imposed to the imprisonment under the process to enforce the penalty, still, in the case before us, we do not see that the sentence of the court violates the prohibition. A *capias* is the writ which our statute provides for the execution of the sentence. Section 8, McC.'s Digest, p. 294, reads: "Whenever any person shall be adjudged to pay * * fines, forfeitures, fees or costs, a *capias* may be issued against the body of the person adjudged to pay, and the said *capias* shall have, in addition, the force and effect of a *fieri facias*," &c.

The sentence to pay a fine, with award of process, does not necessarily create any imprisonment; the effect of the clause complained of in the sentence is nothing more than an award of the process, and the mere fact that the petitioner is held under such process, is not a case of indefinite imprisonment. The sentence does not of itself impose an indefinite imprisoment, nor are any circumstances creating such an imprisonment shown to exist in the case made by the petitioner. He merely shows that he is held under the proper writ for enforcing the payment of a fine.

The petitioner will be remanded.