IN RE REUBEN NEWTON.

FILED MARCH 21, 1894.    No. 5507.

1. **Criminal Law**: COSTS: COMMITMENT FOR NON-PAYMENT. A court or magistrate, upon entering judgment in a criminal prosecution against a prisoner, may order that he shall stand committed until the fine and costs are paid, or secured to be paid.

2. **Imprisonment for the non-payment of fines and costs** is no part of the punishment, but is merely one of the means of enforcing compliance with the order of the court.

3. **Criminal Law**: COSTS: DISCHARGE OF PRISONER. Where the offender is unable to pay the amount adjudged against him he may obtain relief under section 528 of the Criminal Code.

4. ———: APPEAL: RECOGNIZANCE. Under section 324 of the Criminal Code a defendant in a criminal case, in order to appeal from a judgment of a magistrate to the district court, must, within twenty-four hours after the rendition of the judgment, enter into a recognizance as required by said section.

ERROR to the district court for Antelope county.    Tried below before ALLEN, J.

*B. B. Willey*, for petitioner:

The time of imprisonment must be limited in the judgment and set forth in the commitment upon which the prisoner is held in custody; otherwise the judgment and commitment, being indefinite, are void. (Maxwell, Pleading & Practice, 753; *State v. Prince*, 8 So. Rep. [La.], 591;

*Howard v. People*, 3 Mich., 210; *Lowrey v. Hogue*, 24 Pac. Rep. [Cal.], 995; *Robson v. Spearman*, 3 Barn. & Ald. [Eng.], 493; *Washburn v. Belknap*, 3 Conn., 502; *Elliott v. People*, 13 Mich., 375; *Crippen v. People*, 8 Mich., 117; *La Roe v. Roeser*, 8 Mich., 540; *Ex parte Soto*, 26 Pac. Rep. [Cal.], 530.)

The county judge should have accepted and approved the appeal bond offered by the accused. (*Monell v. Terwilliger*, 8 Neb., 362; *White v. German Ins. Co.*, 15 Neb., 660; *Berrer v. Moorhead*, 22 Neb., 691.)

*O. A. Williams, County Attorney, contra.*

No brief for defendant in error.

NORVAL, C. J.

This was a petition to the district court of Antelope county, by Reuben Newton against George P. Haverland, sheriff of said county, for a writ of *habeas corpus*. From a judgment denying the writ the petitioner prosecutes error.

The petitioner was tried and convicted in the county court of Antelope county of committing an assault upon one Herman Peiper, and was adjudged by the court to pay a fine of $10 and costs and stand committed until the amount of such fine and costs were paid. In default of payment of the fine and costs the court issued a *mittimus*, and the accused was committed to the county jail. Thereupon he instituted these proceedings.

The first point made by counsel for petitioner is that the judgment, or rather that portion of it which requires that the accused be imprisoned until the fine and costs are paid, is unauthorized and void. An assault is punishable by fine or imprisonment, or both. (Criminal Code, sec. 17.) By section 322 of chapter 29 of the Criminal Code, entitled "Trial of Minor Offenses Before Magistrates," it is provided that "whenever the defendant shall be tried under the provisions of this chapter, and found guilty either by

the magistrate or jury, or shall enter a plea of guilty, the court shall render judgment thereon, assessing such punishment either by fine or imprisonment, or both, as the nature of the case may require and the law permit; in such case the defendant shall, in addition to the fine or imprisonment, be adjudged to pay the costs, and to be committed to the county jail until the judgment be complied with," etc. Sections 500, and 501 of the Criminal Code are as follows:

"Sec. 500. In all cases wherein courts or magistrates have now or may hereafter have the power to punish offenses, either in whole or in part, by requiring the offender to pay a fine or costs, or both, the said courts or magistrates may make it a part of the sentence that the party stand committed and be imprisoned in the jail of the proper county until the same be paid, or secured to be paid, or the defendent is otherwise discharged according to law.

"Sec. 501. In every case of conviction of any person for felony or misdemeanor, it shall be the duty of the court or magistrate to render judgment for the costs of prosecution against the person convicted."

The last two sections were before this court for consideration in Re Dobson, 37 Neb., 449, in which case it was held that it was the duty of a court, upon the conviction of a person of a crime, to render a judgment for the costs of prosecution against the defendant, and that the court possesses the power to include in the sentence that the person convicted be imprisoned in the county jail until the costs are paid, or security be given for their payment. We adhere to the opinion in the case just mentioned. Authority is likewise conferred upon a court or magistrate to impose imprisonment on a defendant for the non-payment of a fine, convicted as the petitioner was. Such power is derived from sections 322 and 500 copied above. The first section declares that "in such case the defendant shall, in

addition to the fine or imprisonment, be adjudged to pay
the costs, and to be committed to the county jail until the
judgment be complied with;" and substantially to the
same effect is section 500.   Therefore, there is double stat-
utory authority for rendering judgment of imprisonment
for non-payment of fine and costs.   Even at common law,
courts had the power to imprison a defendant until the fine
and costs were paid. (Bishop, Crim. Proc., sec. 1301;
*Brown v. People*, 19 Ill., 613; *Hill v. State*, 10 Tenn., 247.)

Another ground upon which petitioner insists his impris-
onment is unlawful is that he was ordered committed to
jail for an indefinite period of time.   We concede that im-
prisonment, as a punishment for crime, should be for a defi-
nite period, and that a sentence to an indefinite term of
imprisonment is illegal; but the judgment under consider-
ation does not violate the foregoing rules.   The penalty
imposed upon the petitioner is pecuniary merely.   The im-
prisonment adjudged in this case forms no part of the pun-
ishment *per se*, but is one of the means of enforcing com-
pliance with the judgment of the court.   The fine and
costs inflicted constitute the punishment, and under the
statute they may be satisfied by the voluntary payment of
the amount thereof, or by collection under execution issued
against the property of the defendant, or by imprisonment
in the county jail in case the defendant is unable to pay the
same.

It is urged that under section 528 of the Criminal Code
the county court should have fixed the number of days the
petitioner should be confined for non-payment of the fine
and costs.   This section reads as follows: "Whenever it
shall be made satisfactorily to appear to the district court,
or to the probate judge of the proper county, after all
legal means have been exhausted, that any person who is
confined in jail for any fine or costs of prosecution, for any
criminal offense, hath no estate wherewith to pay such fine
and costs, or costs only, it shall be the duty of said court

or judge to discharge such person from further imprisonment for such fine and costs, which discharge shall operate as a complete release of such fine and costs; *Provided,* That nothing herein shall authorize any person to be discharged from imprisonment before the expiration of the time for which he or she may be sentenced to be imprisoned, as part of his or her punishment, nor until the convict shall have been imprisoned at least one day for every three dollars of the amount adjudged against him." Clearly the language quoted did not make it the duty of the court in passing sentence to fix the length of time petitioner should be committed to jail in default of the payment of the fine and costs imposed.     Under the other statutory provisions already referred to the court was empowered to commit the petitioner until the judgment of fine and costs was complied with.     Section 528 was enacted for the purpose of authorizing the discharge of a prisoner from custody who is unable to pay the fine and costs.     Its object was not to require the court or magistrate in passing sentence upon a prisoner to specify the number of days he should be imprisoned for the non-payment of the amount imposed as a punishment.     It is perfectly manifest the court cannot know, when judgment is being pronounced, that the fine and costs will not be paid, or that the same cannot be collected by legal process.     It is only after all legal means for the collection of the fine and costs have failed that a prisoner is entitled to be discharged under section 528, and not then unless he has been imprisoned at least one day for each three dollars of the sum imposed.     Our conclusion is that the county court did not exceed its powers in imprisoning the petitioner until the fine and costs were paid.     (*Ex parte Bollig,* 31 Ill., 88 ; *Ex parte Bryant,* 4 So. Rep. [Fla.], 854; *In re MacDonald,* 33 Pac. Rep. [Wyo.], 18.)     We have examined the authorities cited in the brief of petitioner, holding that imprisonment for the non-payment of a fine is illegal, but

as they are based upon statutory provisions materially different from our own we cannot follow their lead.

It is finally urged that the judgment and sentence of the county court were superseded by an appeal. If this were true, the petitioner would be entitled to his discharge. Section 324 of the Criminal Code, regulating appeals to the district court from tribunals inferior thereto, in criminal cases provides that "the defendant shall have the right of appeal from any judgment of a magistrate imposing fine or imprisonment, or both, under this chapter, to the district court of the county, which appeal shall be taken immediately upon the rendition of such judgment, and shall stay all further proceedings upon such judgment. No appeal shall be granted or proceedings stayed unless the appellant shall, within twenty-four hours after the rendition of such judgment, enter into a recognizance to the people of the state of Nebraska in a sum not less than one hundred dollars, and with sureties to be fixed and approved by the magistrate before whom said proceedings were had, conditioned for his appearance at the district court of the county at the next term thereof, to answer the complaint against him," etc. The record shows that petitioner was tried on May 9, 1892, and at 3:15 P. M. of said day the jury returned a verdict of guilty, and thereupon the court sentenced the prisoner. Although notice of appeal was immediately given, no appeal undertaking was offered or tendered to the court until 5:20 P. M. of the next day. This was not in time, since more than twenty-four hours had elapsed after sentence was pronounced. The court had no power to extend the time fixed by statute for taking an appeal. The judgment of the district court is

AFFIRMED.

POST, J., not sitting.