IN RE LONDOS.

(No. 4,177.)

(Submitted February 4, 1918. Decided February 9, 1918.)

[170 Pac. 1045.]

*Criminal Law—Gaming—Misdemeanors—Fines and Imprisonment—Habeas Corpus.*

Misdemeanors—Fines and Imprisonment—District Courts—Jurisdiction.

1. *Held*, on *habeas corpus*, that the district court has the power, under section 9371, Revised Codes, to impose a sentence of imprisonment in the county jail for a certain number of days, defendant in addition to pay a fine in a stated amount, and, in default of payment, to stand committed one day for every two dollars of the fine after expiration of the term of imprisonment, until the fine is paid.

Same—Fines—Imprisonment—Mode of Collection.

2. *Held*, that that portion of the judgment above providing for a term of imprisonment equal to one day for every two dollars of the fine in case of nonpayment is not a part of the judgment, but represents the common-law mode of executing the sentence, that is, of enforcing the payment of the fine.

[As to power to imprison until the fine be paid, see note in 12 Am. St. Rep. 202.]

(In Chambers.)

Original application of William Londos for a writ of *habeas corpus*. Writ quashed and complainant remanded to custody.

*Mr. R. C. Stong*, for Complainant, submitted a brief.

MR. JUSTICE HOLLOWAY delivered the opinion.

On December 1, 1917, William Londos pleaded guilty to a charge of gambling, and was sentenced to imprisonment in the county jail for a term of thirty days, and to pay a fine of $250. The judgment provides that if the fine be not paid, the defendant shall stand committed for a term equal to one day for every $2 of the fine after the expiration of the thirty days' imprisonment. The prisoner having served his term of thirty days applies for his release from custody upon the theory that our statutes do not authorize the imposition of imprisonment to satisfy the fine in any case where the punishment imposed is a definite term of imprisonment and a fine in addition thereto.

By Chapter 86, Laws of 1917, the punishment prescribed for a violation of the anti-gambling law is (1) a fine not less than $100, nor more than $1,000, or (2) imprisonment in the county jail for a term not less than three months nor more than one year, or (3) both such fine and imprisonment. Sections 9371 and 9379, Revised Codes, provide:

"Sec. 9371. A judgment that the defendant pay a fine and costs may also direct that he be imprisoned until both fine and costs are satisfied, specifying the extent of the imprisonment, which must not exceed one day for every two dollars of the fine and costs."

"Sec. 9379. If the judgment is for imprisonment, or a fine and imprisonment until it be paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with."

It is the contention of this petitioner that these statutes authorize imprisonment only in case the prisoner is adjudged [1] to pay a fine and fails to do so, or is sentenced to a definite term of imprisonment as the sole punishment, and that whenever the punishment is both fine and imprisonment the fine can be satisfied only by execution as upon a judgment in a civil action, under section 9378. These statutes are not peculiar to Montana, neither is the question raised a new one. Many of the states have similar provisions, and many applications of this

character have been made seeking relief upon the theory presented now. In California and Utah the applications have been prosecuted successfully. The decision in each state takes no notice of the common-law powers of a court of general jurisdiction, but grants relief solely upon the ground that the statutes do not expressly authorize imprisonment to satisfy the fine, when the fine is accompanied by a definite term of imprisonment as a part of the punishment. (*Ex parte Rosenheim,* 83 Cal. 388, 23 Pac. 372; *Roberts* v. *Howells,* 22 Utah, 389, 62 Pac. 892.) The decided weight of authority and the better reasoning hold to the contrary conclusion, which I think should be adopted in this state. (*Ex parte Bowes,* 8 Okl. Cr. 201, 127 Pac. 20; *Ex parte Morris,* 17 Ariz. 537, 155 Pac. 299; *Fisher* v. *McDaniel,* 9 Wyo. 457, 87 Am. St. Rep. 971, 64 Pac. 1056; *Berkenfield* v. *People,* 191 Ill. 272, 61 N. E. 96; *Ex parte Tongate,* 31 Ind. 370; *State* v. *Myers,* 44 Iowa, 580; *State* v. *Hyland,* 36 La. Ann. 709; *People* v. *Sage,* 13 App. Div. 135, 43 N. Y. Supp. 372; 19 Cyc. 553.)

If section 9371 above was intended to prescribe the mode of enforcing the penalty imposed, there would be merit in this petition; but the purpose of that section is to recognize the existing common-law method of enforcing the judgment and to fix a definite limit to the extent of the imprisonment—something the common law apparently omitted. (19 Cyc. 554.) The penalty imposed in this instance was imprisonment for thirty days and a fine of $250. The imprisonment after the [2] expiration of the thirty days is not a part of the punishment, but the common-law mode of executing the sentence, that is, of enforcing the payment of the fine. (8 R. C. L. 270.)

The writ of *habeas corpus* heretofore issued is quashed, and the petitioner is remanded to the custody of the sheriff of Yellowstone county.