STATE, RESPONDENT, *v.* SORENSON, APPELLANT.

(No. 5,111.)

(Submitted October 21, 1922. Decided November 13, 1922.)

[210 Pac. 752.]

*Criminal Law—Possession of Intoxicating Liquor—Information and Proof—Variance—Judgment—Fine—Validity — Instructions—Appeal and Error.*

Intoxicating Liquors—Violations of Prohibition Act—District Court—Jurisdiction.

    1. *Held,* under the decision in *State* v. *Bowker,* 63 Mont. 1, 205 Pac. 961, that the district and not the justice, court has original jurisdiction in criminal actions for violations of the Prohibition Act.

Same—Information—Failure to Make Timely Objection—Waiver.

    2. By his failure to object to the information charging him with a violation of the Prohibition Act, before demurrer or plea, on the ground that it was filed prior to a preliminary hearing, defendant waived his right to challenge the foundation of the information. (Sec. 11892, Rev. Codes 1921.)

    65 Mont.—5

Same—Variance.

3. Where the information charged defendant with unlawfully selling and possessing intoxicating liquor and conviction was had on proof of possession, his contention that there was a fatal variance, since the information was predicated upon a sale alone, is without merit.

Same—Immaterial Variance—Time of Commission of Act.

4. Where it is asserted that there was a fatal variance between the allegation in the information as to the date the crime charged was committed and the proof, when time is not an essential to the offense, the question must be determined by the inquiry whether there was such a reasonable proximity of the date testified to and the date named in the information as to preclude the idea that defendant was prejudiced or misled.

Same—Time—Immaterial Variance.

5. *Held*, under the rule above (par. 4), that defendant, convicted of unlawful possession of intoxicating liquor, was not prejudiced by the variance between the allegation in the information that the offense was committed on the 10th of December and the state's proof of its commission on the 12th of the same month.

Same—Judgment Imposing Fine and Ordering Imprisonment Until Paid—Validity.

6. A judgment imposing a fine upon one convicted of a violation of the Prohibition Act, and containing an order that defendant be imprisoned in the county jail until the fine is paid, the imprisonment not to exceed one day for every two dollars of the fine, is not invalid as in excess of jurisdiction, since the imprisonment is not a part of the punishment but is the means of enforcing compliance with the judgment imposing the fine.

Trial—Instructions—Proper Refusal.

7. Refusal of an instruction not warranted by the evidence, or of one covered by instructions given, is not error.

Appeal and Error—Amended Bill of Exceptions—Review.

8. Where the trial court in settling a bill of exceptions struck out certain portions thereof, but the clerk certified to the bill as originally presented incorporating the portions stricken, the supreme court on appeal will consider the bill as amended and ignore the portions ordered stricken.

*Appeals from District Court, Dawson County; Frank P. Leiper, Judge.*

CHARLES SORENSON was convicted of willfully and unlawfully and feloniously selling, bartering, furnishing and possessing intoxicating liquors, and from the judgment of conviction and from the order denying his motion for a new trial he appeals. Affirmed.

6. Power to imprison until fine is paid, see notes in 12 **Am. St. Rep.** 202; 19 **Ann. Cas.** 757.

[65 Mont. 65.]

*Mr. Jens Rivenes* and *Mr. C. C. Hurley,* for Appellant, submitted a brief; *Mr. Hurley* argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State, submitted a brief and argued the cause orally.

MR. COMMISSIONER BORTON prepared the opinion for the court.

Appellant, Sorenson, defendant below, was informed against on December 29, 1921, in the district court for the crime of willfully and unlawfully and feloniously selling bartering, furnishing and possessing intoxicating liquor. He was also charged with a prior conviction, but no evidence was introduced and no error predicated on any of the proceedings had relative to the prior conviction. The record does not disclose any leave of court, and therefore it is presumed that the appellant was given a preliminary hearing. Without challenging the information upon any ground 'nor the steps precedent to the filing thereof, the appellant entered a plea of not guilty. The case came on for trial. In the course of the taking of the testimony of the first witness, the appellant raised by objection two questions. The first one was that the defendant had been held to answer for a crime alleged upon the tenth day of December, 1921, while the evidence sought to be elicited tended to prove a separate and distinct crime committed on the twelfth day of December, 1921; and incidental to this position the appellant charged that he had not had a preliminary hearing for the crime on the later date. The appellant's objection further challenged the jurisdiction of the court to try the case, since it was apparent that the state was relying upon the charge that appellant had intoxicating liquors unlawfully in his possession on December 12, 1921. Upon this objection the state openly announced that it proposed to try the appellant upon the charge of an unlawful possession on December 12, 1921. The appellant's objections were both overruled.

[65 Mont. 65.]

Upon the completion of the state's case, the appellant moved for a directed verdict upon essentially the same grounds. This motion was likewise overruled. The appellant took the stand himself, and called to the aid of his cause other witnesses who testified in his behalf. Upon the settlement of the instructions appellant again raised his question by appropriate objections to instructions given, and by appropriate exceptions to those given by the court. The cause was submitted to the jury, and the verdict which was returned is as follows:

"We, the jury in the above-entitled cause, find the defendant guilty of the unlawful possession of intoxicating liquor as charged in the information, and fix his punishment at a payment of a fine in the sum of $400.00 dollars.

"J. J. ERNSTER, Foreman."

A judgment was pronounced by the court upon the verdict, but the court added to the judgment an order of enforcement of the fine to the effect that defendant be imprisoned in the county jail of Dawson county one day for each two dollars of the fine. This order is assigned as one of the thirteen errors of the trial court. Thereafter appellant moved the court for a new trial, which motion was overruled. At the settlement of the bill of exceptions the court struck from the bill the record of the proceedings in the justice court on the preliminary hearing. This appeal is prosecuted from both the judgment and the order of the court in denying appellant a new trial.

Appellant in his first specification of error challenges the [1] very jurisdiction of the district court to try the matter, asserting that it is exclusively within the jurisdiction of the justice court, since the maximum penalty that could be imposed was $500. He challenges the proceeding further, for he complains that he did not have a preliminary hearing upon the charge for which he was convicted.

Section 11, Article VIII, of the Constitution provides that with relation to criminal prosecutions "the district courts shall have original jurisdiction: * * * and in all crimi-

[65 Mont. 65.]

nal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for."

Section 21, Article VIII, of the Constitution, dealing with the jurisdiction of justice courts, has this to say: "But said courts shall have such jurisdiction in criminal matters not of the grade of felony, as may be provided by law."

In harmony with these provisions of the Constitution, section 11630, Revised Codes of 1921, was enacted, which provides that justice courts shall have jurisdiction of "all misdemeanors punishable by a fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or both such fine and imprisonment." Section 11122, Revised Codes of 1921, one of the sections of the law relating to intoxicating liquors and enacted subsequent to section 11630, *supra,* provides that: "The district courts shall have original jurisdiction in all criminal actions for violations of the provisions of this Act."

By the recent decision of this court, *State* v. *Bowker,* 63 Mont. 1, 205 Pac. 961, we deem appellant foreclosed on the point of the jurisdiction of the district court to try the charge, but appellant urges that upon consideration of that case the early case of *State* v. *Myers,* 11 Mont. 365, 28 Pac. 650, was not considered. We fail to find in the *Myers Case* anything that militates against the *Bowker Case.*

Appellant further contends that he was tried and convicted of a crime for which no information had been filed, no leave granted, nor preliminary hearing had. The basis of his contention is that the crime in the information is alleged to have been committed on December 10, while he contends he was convicted of a crime committed on December 12. And further he says the preliminary hearing was on the theory of a sale, while he was convicted of having intoxicating liquors unlawfully in his possession. He admits that there was a preliminary hearing before the information was filed, and that the papers used by the justice in holding the preliminary hearing were in the files of the trial court

December 28, 1921. The information was filed on December 29, 1921.

Section 11891, Revised Codes of 1921, provides among other things, that an information must be set aside if "2. * * * Before the filing thereof the defendant had not been legally committed by a magistrate." The record is barren of any objection to the information at or before the plea. Section 11892, Revised Codes of 1921, provides that "Such motion must be made before the defendant demurs or pleads, or the grounds of the objection are waived." The appellant, not having made timely objection, waived his right later to challenge the foundation of the information.

In addition, the appellant most earnestly contends in effect [3] that there was a fatal variance between the allegations and the proof in this manner: He says the information as filed was predicated upon a sale and that alone, while his conviction was upon possession, and, in addition, that the date was material. The information, when appellant pleaded to it, contained both allegations, and he raised no objection. The papers of the preliminary hearing were in the files then, for the very purpose of giving basis to such a charge against the information, if appellant had one to urge. The charging part of the information, omitting the charge of prior conviction, is as follows: "The said Charles Sorenson in the county of Dawson, state of Montana, on the tenth day of December, A. D. 1921, did then and there willfully and unlawfully and feloniously sell, barter, furnish and possess intoxicating liquors."

As to the complaint of appellant that the date was mate- [4, 5] rial: Practically every jurisdiction, if not all, within the boundaries of these United States, have prescribed by statute in effect that if time is not a necessary ingredient of the offense, the defendant may be convicted of a crime on any date before the filing of the information, and within the statute of limitations. The books are full of reports of cases in which the judgments have been reversed or upheld, by rea-

son of distinguishing whether or not there was a variance in the proof in the trial from the date alleged; that is to say, whether or not the defendant was convicted of a different offense from the one with which he was charged. In examining these various cases—and we have examined a large number of them—we find that the rule, or the fundamental principle underlying this proposition, is not whether the dates are separated by short or long periods of time, but, Is there such a reasonable proximity of the actual date to the date named in the information that the defendant could not be prejudiced or misled thereby? Or, in other words, in determining whether there is a variance between the allegation and the proof on the point of time, when time is not an essential to the crime, the real important question is, Has the defendant been prejudiced or misled by the evidence adduced upon the part of the state? (*Billingslee* v. *United States,* 274 Fed. 86.)

Applying that rule to the instant case, we find that upon the information he was charged with both the sale and with having the liquor unlawfully in possession; and we find likewise, when the defendant took the stand, he testified in effect that one Weisner brought Exhibit 1 to his, the defendant's, place of business and left it there on the tenth day of December, 1921; that likewise Exhibit 2 was his personal property, received from Weisner, and was delivered to him some time in the latter part of the month of November, and that Exhibit No. 3 was in his possession, but did not belong to defendant, but to one Temple. It was shown that Exhibits 1, 2 and 3 were intoxicating liquors. From an examination of the case, and especially of the defendant's own testimony, it is apparent that neither he nor his counsel were misled or prejudiced by the state's proving the date of December 12.

Appellant further contends that his motion for a directed verdict at the close of the state's case should have been granted. It is sufficient to say in that regard that the evidence adduced by the state at the time of the presentation

of this motion made a *prima facie* case, and the motion was properly denied.

The appellant also alleges that the part of the judgment of [6] the lower court in which the court ordered that the defendant be imprisoned in the county jail in Dawson county, Montana, until said· fine is paid, the imprisonment not to exceed one day for every two dollars of said fine, cannot be sustained. The appellant contends that the imprisonment of the defendant to enforce the payment of the fine was an excess of authority by the district court. It has been held that the order for imprisonment on such a verdict as in this case is only the means for the collection of the fine, and is not regarded as a part of the punishment. (8 R. C. L., sec. 282, p. 269.)

This court in *Re Londos,* 54 Mont. 418, 170· Pac. 1045, and *State ex rel. Poindexter* v. *District Court,* 51 Mont. 186, 149 Pac. 958, has disposed of this question contrary to appellant's contention. We add to these cases that of *Ex parte Bryant,* a case frequently cited, 24 Fla. 278, 12 Am. St. Rep. 200, 4 South. 854, in which it is said: "The penalty, or the punishment adjudged, was the fine—The custody adjudged, was the mode of executing the sentence, that is of enforcing the payment of the fine." And it was likewise said in *Re Newton,* 39 Neb. 757, 58 N. W. 436: "The penalty imposed upon the petitioner is pecuniary merely. The imprisonment adjudged in this case forms no part of the punishment *per se,* but is one of the means of enforcing compliance with the judgment of the court."

The appellant next assigns as error that the court denied the motion for a new trial. All grounds worthy of consideration were raised by appellant in other assignments. We have examined the evidence, and find that there is abundant evidence to support the verdict. The order of the court overruling a new trial was correct.

Appellant also complains of the refusal of the court to [7] sustain his objection to certain instructions offered by

the state. These objections to the instructions, for the most part, were in harmony with his theory of the case, and were properly overruled. His instructions requested, Nos. 8, 9 and 10, have no evidence in the record to support them, as the justice court proceedings are not a part of the record in a situation such as we have here, while Nos. 12 and 13, were covered by instructions given. Therefore all of appellant's requested instructions were properly refused.

The court of its own motion struck portions of the bill of [8] exceptions, to-wit, that part containing a purported report of the proceedings in the justice court, and settled the bill after so striking. Nevertheless, the clerk certified to the bill as originally presented and not as amended. Since this court may determine what the bill as settled contained, we have refused to consider that portion of the bill so stricken.

There is no record before this court to call in question the action of the court in amending the bill, and we refuse to consider that point.

We recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*