Argued October 8, reversed November 23, 1926.

IN RE APPLICATION OF IVAN MURPHY FOR WRIT OF HABEAS CORPUS.

(250 Pac. 834.)

**Fines.**

1. A "fine" is a pecuniary punishment imposed by lawful tribunal on a person convicted of a crime or misdemeanor.

**Constitutional Law.**

2. Imprisonment for failure to pay a fine is not unconstitutional as being an "imprisonment for debt."

**Fines—Under Statute, Person Imprisoned for Failure to Pay Fine is Entitled to Release on Payment of Portion of Fine not Satisfied by Time Already Served (§§ 205, 1577, 1579, 3543, Or. L.).**

3. Under Section 1577, Or. L., providing that judgment requiring payment of fine shall also direct imprisonment until fine is satisfied, not to exceed one day for every $2 of fine, and notwithstanding Sections 205, 1579, and 3543, a person inprisoned for failure to pay fine is entitled to release on payment of portion of fine not satisfied by time already served.

Constitutional Law, 12 C. J., p. 940, n. 31.

Fines, etc., 25 C. J., p. 1148, n. 4, p. 1159, n. 69, p. 1160, n. 81, p. 1161, n. 86, 87.

From Linn: PERCY R. KELLY, Judge.

Department 1.

On the twenty-seventh day of February, 1925, Ivan Murphy pleaded guilty in the Justice's Court for District No. 1, Linn County, Oregon, to maintaining a nuisance, and was sentenced "To pay a fine of $500.00 and $5.00 costs; and upon default in payment of such fine to be imprisoned in the Linn County jail for a period of two hundred and fifty days."

1. Definition of "fine," see notes in 13 Am. St. Rep. 523; 18 Ann. Cas. 881. See, also, 8 R. C. L. 269.

2. See 8 R. C. L. 269.

3. See 8 R. C. L. 270.

In pursuance of this sentence, Murphy served 102 days in jail. He then tendered to the justice of peace, the sheriff, and the county treasurer the sum of $301 in payment of the remaining portion of the fine and the costs, and demanded that he be released from custody, maintaining that the 102 days he had served should be applied to his fine at the rate of $2 a day, or a total of $204.

Upon his release being denied, Murphy filed a petition for a writ of *habeas corpus,* and again tendered the $301 in full payment of the balance of his fine and costs.

Upon the return of the said writ in the Circuit Court for Linn County, the court refused to order the sum received, and remanded the prisoner to the custody of the sheriff to be held pursuant to the original commitment. Murphy appeals to this court from said judgment.                                    REVERSED.

For appellant there was a brief and oral argument by *Mr. Tom Garland.*

For respondent there was a brief and oral argument by *Mr. L. G. Lewelling,* District Attorney.

Section 1577, Or. L., provides:

"A judgment that the defendant pay a fine must also direct that he be imprisoned in the county jail until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine; and in case the entry of judgment should omit to direct the imprisonment and extent thereof, the judgment to pay the fine shall operate to authorize and require the imprisonment of the defendant until the fine is satisfied at the rate mentioned."

BEAN, J.—1-3. A fine is defined as a pecuniary punishment imposed by a lawful tribunal upon a person convicted of a crime or misdemeanor: 25 C. J. 1148.

The statute provides how the sentence of a fine may be discharged in lieu of a money payment. It states that the judgment must direct that the party be imprisoned until the fine be satisfied; that the judgment must specify the extent of the imprisonment; and that the extent of the same must not exceed one day for every $2 of the fine. It further provides that omission to specify the same shall operate to require the defendant's imprisonment until said fine is satisfied at the rate of $2 *per diem.*

In other words, the statute permits the performing of a sentence of a fine in two ways, one alternative being the payment of the fine in money, the other by serving the time in jail at a specified rate, either method being equally effective to secure the defendant's ultimate discharge. We see no good reason why days lain out in jail, at the prescribed rate, should not be applied *pro tanto* to reduce the fine. We fully agree with the holding in *Harlow* v. *Clow*, 110 Or. 261 (223 Pac. 541), cited by the respondent, to the effect, that the imprisonment for a failure to pay a fine is not unconstitutional as being an imprisonment for debt, forbidden by the Constitution, but a means of enforcing the payment of the fine. We believe, however, that the provisions of Section 1577, Or. L., permit time served in jail at the rate specified by the judgment or statute to be applied toward the part satisfaction of the fine. We must hold, therefore, that the alternative of imprisonment may be reduced by the partial payment of the fine, and that imprisonment for a portion of the time may reduce the amount of fine to be paid.

The California statute is similar to that of Oregon: Section 1205, Deering's Penal Code of California, 1923. The following construction is given it:

"A defendant is entitled to his discharge upon payment of the fine. * * And the courts by judicial construction of the statute have determined that where he has served a portion of the term of imprisonment, he is entitled to his discharge upon payment of the balance of the fine, not satisfied by imprisonment at the rate specified." 8 Cal. Jur., § 488, p. 473. Citing *Ex parte Henshaw,* 73 Cal. 486, 496 (15 Pac. 110); *Ex parte Kelly,* 28 Cal. 414; *Ex parte Riley,* 142 Cal. 124 (75 Pac. 665).

In *Ex parte Kelly, supra,* Mr. C. J. SANDERSON said:

"There is no force in the point that the defendant is bound to satisfy the whole fine by imprisonment and cannot be allowed to pay the unsatisfied portion of his fine and be thereupon discharged from custody. For each day which he has or may hereafter pass in prison he is entitled to a credit of two dollars upon his fine and he may at any time pay the sum then remaining unsatisfied and claim his discharge from custody."

Where under the statute, the imprisonment operates as a satisfaction of the fine at a certain rate per day, the prisoner may at any time pay the sum remaining unsatisfied and claim his discharge: 25 C. J. 1160, § 26. Section 1577, Or. L., plainly authorizes the satisfaction of a judgment to pay a fine by imprisonment, at the rate of $2 for every day of confinement in jail.

There is no incongruity between this section and Section 1579, providing for the docketing as a judgment in a civil action, and with like effect, as provided in Section 205, of a judgment that the defend-

ant pay money either as a fine or as costs and disbursements of the action, or both.

Section 1579, together with Section 205, simply provides an additional method of enforcement of the payment of a fine and costs. Section 205 does not, however, authorize the issuance of an execution, or the enforcement of such a judgment after the same has been satisfied either by payment or imprisonment for the required time. The law does not contemplate that a defendant shall expatiate the offense of a misdemeanor more than once.

While Murphy was serving time in the county jail he was subject to work on the county roads, or other public works, under the provision of Section 3543, Or. L., giving the County Court power to cause such convicts to perform such work. If the County Court had exercised such authority that section directs that "in the default of the payment of a fine such convict shall be made to labor at the rate of $2 per day until such fine is fully paid." The County Court would not be compelled to employ a guard, or make arrangements for working one prisoner, and in the event that the County Court does not require such work of a prisoner it would not affect the time of sentence.

The case of *Galles* v. *Wilcox*, 68 Iowa, 664 (27 N. W. 816), appears at first glance to support the contention of the respondent, but the Iowa statute differs from ours.

The lower court erred in denying the writ of appellant, and the judgment is reversed and the cause remanded with instructions to enter judgment, allowing the writ and discharging the petitioner upon the payment of the balance of the fine tendered.

REVERSED AND REMANDED.

McBRIDE, C. J., and COSHOW, J., concur.

BURNETT, J., Dissenting.—Convicted of a misdemeanor, the petitioner on February 27, 1925, was sentenced to pay a fine of $500 and $5 costs, and, in default of payment of such fine, to be imprisoned in the county jail not exceeding 250 days. Failing to pay the fine at once, he was incarcerated in the jail. On June 22, 1925, he claimed to have been there under such imprisonment 102 days, tendered to the sheriff and the county treasurer $301 in full satisfaction of his fine and costs and demanded his release, which being denied he petitioned in *habeas corpus*. His writ was dismissed and he appealed.

Section 1577, Oregon Laws, reads thus:

"A judgment that the defendant pay a fine must also direct that he be imprisoned in the county jail until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine; and in case the entry of judgment should omit to direct the imprisonment and the extent thereof, the judgment to pay the fine shall operate to authorize and require the imprisonment of the defendant until the fine is satisfied at the rate above mentioned."

Section 1579, Oregon Laws, is here set down:

"A judgment that the defendant pay money, either as a fine or as costs and disbursements of the action, or both, must be docketed as a judgment in a civil action and with like effect, as provided in section 205 of the Code of Civil Procedure."

Section 1601, Oregon Laws, reads thus:

"A judgment in a criminal action, so far as it requires the payment of money, whether the same be a fine or costs and disbursements of the action, or both, in addition to the means in this chapter provided, may be enforced as a judgment in a civil ac-

tion, as provided in title III of the Code of Civil Procedure."

Section 3543, Oregon Laws, provides that all convicts sentenced by any court to imprisonment in the county jail, whether in default of the payment of a fine or sentenced to a definite number of days of imprisonment, shall be under the exclusive control of the County Court of the county in which the crime is committed. That court shall have power to place such convicts under the control of any road supervisor or other person appointed to take charge of them and cause them to work upon the public roads of the county or perform such other work of a public nature as that court may direct. Provisions are made for the transfer of their custody to the person appointed to take charge of them and their return to the sheriff under certain circumstances. The section concludes with this excerpt:

"The county courts are hereby authorized and directed to provide such rules and regulations in regard to the employment of said convicts, and for the allowance of credits in time and compensation for good behavior to any such convicts so employed as are not inconsistent with the provisions of this act; provided, however, that no credit in excess of ten days in time shall be allowed for each calendar month, and in the default of the payment of a fine such convict shall be made to labor at the rate of $2 per day until such fine is fully paid."

The contention of the petitioner is that his imprisonment in the jail although without labor operates to discharge the judgment *pro tanto* at the rate of $2 of the fine for each day of his imprisonment and that he is entitled to his release upon paying the remainder in money. Under Section 1577, the sentencing court has the discretion of specifying any

extent of the imprisonment not exceeding the maximum prescribed in that section. If there is no discretion in the matter why the requirement that the court shall specify the extent? The proper construction of that statute is that in case the court omits to specify a less rate of imprisonment, the law itself will supply the omission and fix the maximum number of days equal to one half the number of dollars assessed as a fine. Nothing is said in the section about allowing the defendant the option of changing the penalty from fine to imprisonment.

In *State* v. *Sheppard,* 15 Or. 598 (16 Pac. 483), the direct question before the court was whether a defendant convicted of a misdemeanor and fined could be imprisoned to compel the payment of the costs. Quoting from the statute corresponding to the present Section 1577, Oregon Laws, *supra,* Mr. Chief Justice Lord said:

"But it is provided that 'a judgment that the defendant pay a fine must also direct that he be imprisoned in the county jail until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine,' etc. (sec. 1408, Hill's Code.) Under this section the period specified for imprisonment, unless the fine be paid, cannot exceed one day for every two dollars of the fine, and applies only to the fine imposed, and does not include costs incurred in the prosecution of the action. It is a direction to and limitation upon the power of the court when a judgment for a fine is given. It directs that when a fine has been adjudged, the court must imprison until the fine be satisfied, limiting the term of the imprisonment to a time specified, which bears a certain relation to the amount of the fine.

"As subdivision 6 of section 2052 only authorized the imposition of a fine as a punishment, and as section 1408, for the purpose of enforcing the payment

of the fine and not as a punishment, directs that the defendant be imprisoned until the fine be satisfied, not to exceed one day for every two dollars of the fine, it follows that when the defendant was adjudged to pay a fine of thirty dollars, the imprisonment specified for the purpose of coercing its payment could not exceed fifteen days. To construe section 1408 otherwise, that is to say, as authorizing a punishment by imprisonment, would look like convicting the defendant under one law (sec. 2052, subd. 6), and punishing him under another (sec. 1408), unless the two must be read together, and are in practice *in pari materia,* the true intent and purpose of section 1408 being not to pronounce imprisonment as the punishment, but as a means of coercing the payment of the judgment for a fine for an assault and battery under subdivision 6, section 2052."

In *Ex parte McGee,* 33 Or. 165 (54 Pac. 1091), the question arose in another form. The petitioner in *habeas corpus* had been convicted of a violation of an ordinance of the City of Portland and had been fined in the sum of $200, in default of the payment of which he was committed to the city prison for 100 days. The charter in force at the time equipped the city court with procedure in like manner as justices of the peace under the state laws. The charter also limited the power of imprisonment as a penalty to 90 days. Acting in accordance with the law relating to justices of the peace, the judge of the city court had fined the petitioner $200 and committed him to the city jail, as stated, for 100 days in default of payment. On his writ, he claimed that this was in excess of the charter power, but Mr. Justice WOLVERTON disposed of that contention by pointing out, as in the Sheppard case, that the imprisonment in default of payment of a fine was not in any sense punishment but only a means of enforcing the payment of the money fine.

Again, in *Harlow* v. *Clow,* 110 Or. 257 (223 Pac.
541), a like conclusion was reached by Mr. Justice
Brown, who said:

"The imprisonment arising from the defendant's
failure to pay the fine is deemed in law not a punish-
ment for the crime, but as a means of enforcing the
payment thereof: * * ."

In support of his conclusion he quotes at length
from *Ex parte McGee, supra.*

The subject is treated at length in *Ex parte Bryant,*
24 Fla. 278 (4 South. 854, 12 Am. St. Rep. 200), and
extensive note in the latter report. Likewise, in
*State* v. *Sorenson,* 65 Mont. 65 (210 Pac. 752), the
same question arose and the court said:

"The appellant also alleges that the part of the
judgment of the lower court in which the court or-
dered that the defendant be imprisoned in the county
jail in Dawson county, Mont., until said fine is paid,
the imprisonment not to exceed one day for every
$2 of said fine, cannot be sustained. The appellant
contends that the imprisonment of the defendant to
enforce the payment of the fine was an excess of
authority by the district court. It has been held
that the order for imprisonment on such a verdict
as in this case is only the means for the collection
of the fine, and is not regarded as a part of the
punishment. 8 R. C. L., § 282, p. 269.

"This court in *Re Londos,* 54 Mont. 418 (170 Pac.
1045), and *State ex rel. Poindexter* v. *District Court,*
51 Mont. 186 (149 Pac. 958), has disposed of this
question contrary to appellant's contention. We add
to these cases that of *Ex parte Bryant,* a case fre-
quently cited, 24 Fla. 278 (4 South. 854, 12 Am. St.
Rep. 200), in which it is said:

" 'The penalty, or the punishment adjudged, was
the fine—The custody adjudged, was the mode of
executing the sentence, that is of enforcing the pay-
ment of the fine.'

"And it was likewise said in *Re Newton,* 39 Neb. 757 (58 N. W. 436):

" 'The penalty imposed upon the petitioner is pecuniary merely. The imprisonment adjudged in this case forms no part of the punishment *per se,* but is one of the means of enforcing compliance with the judgment of the court.' "

In Iowa the Code on this subject is substantially like our own.

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every 3 and ⅓ dollars of the fine." Section 4509, 2 McClain's Annotated Statutes of Iowa.

Under this statute in *Galles* v. *Wilcox,* 68 Iowa, 664 (27 N. W. 816), the petitioner in *habeas corpus* had been fined $100 and committed to jail until the fine be paid "not to exceed thirty days." After he had been imprisoned he paid $25 upon the fine and having served 20 days, he claimed discharge on the ground that his fine had been reduced by payment. The court, after quoting the statute already mentioned, said:

"The duration of the imprisonment was determined, under this section, by the amount of the fine. That duration was 30 days. It was fixed and certain, and did not depend upon future partial payments of the fine. The judgment was that he should be imprisoned for 30 days, unless the fine should be sooner paid. The term of imprisonment was for the whole fine. The statute does not contemplate that the convict shall himself control and direct the manner of the enforcement of the judgment against him by choosing to serve in jail for a part of his fine, and to pay the balance of it in money."

The court affirmed the judgment of the district court in remanding the plaintiff to the custody of the jailer.

The State of Iowa also has a statute somewhat like our own providing that a person convicted of a criminal offense and sentenced to pay a fine and committed until the sentence be performed shall labor on public roads, or other like employment, at a certain rate. In *State* v. *Jordan,* 39 Iowa, 387, the court construed these several sections to the effect that if the convict actually labored, he would be credited on his fine at the rate of $1.50 per day, but that mere imprisonment would not operate to reduce his fine. This case was later explained in *State* v. *Anwerda,* 40 Iowa, 151, by Mr. Justice COLE, saying:

"It was there held (*State* v. *Jordan supra*), that a defendant convicted for nuisance and sentenced to pay a fine, could only be ordered to be imprisoned so long as that the number of days multiplied by three and one-third should equal the amount of the fine; and that a sentence to confinement at hard labor would entitle the defendant to a credit of one dollar and fifty cents per day for each day's labor, upon the fine; that the three and one-third dollars per day limited the duration of imprisonment, but did not entitle the defendant to any credit upon the fine, but he is entitled to a credit on the fine of one dollar and fifty cents per day for every day he may labor, where sentenced thereto."

In the case of *The Tokai Maru,* 4 Alaska, 311, the officers and crew of a Japanese vessel were arrested and, on conviction of violation of the fishing laws, were fined $500 each. They "boarded it out," refusing to pay the fines but the money judgment was nevertheless enforced by sale of their vessel. The statutes under which the decision was rendered are

substantially like our own, after quoting which, the court said:

"It is clear from the foregoing that the prisoner can only pay a fine, other than in money, by labor performed by him upon public work, under the direction of the Attorney General and the United States marshal. The law providing for imprisonment where a fine is not paid is a means used to enforce payment in money, in adoption to the rights of the government under a general execution to satisfy the fine."

The conclusion is inescapable that the imprisonment prescribed in case there is a default in payment of the fine is not in any sense of the word part of the punishment. The judgment of the court required the defendant to pay money. The law does not give him the option of translating that judgment into one sentencing him to imprisonment. Under these various statutes, there are three ways of coercing payment of a judgment that the defendant be fined. One is by imprisonment, which may be likened to an execution against person. If the defendant fails to pay, the state may resort to that means of coercion. Of course, its power is limited to a certain length of imprisonment, determined by the amount of the fine. The statute does not say that it shall be payment of the fine. One other way is to compel the defendant to work on the county roads, or other public works, and, in that method, it is said in the statute:

"in the default of the payment of a fine such convict shall be made to labor at the rate of $2 per day until such fine is fully paid."

The third way is under the terms of Section 1601, Oregon Laws, by execution against the defendant's property as in civil cases. All that the defendant can

logically maintain under these statutes is that after he has been imprisoned for 250 days, in the instant case, the state can no longer pursue him under that particular means of coercion. It must then suspend its efforts to collect the judgment in that manner, but the judgment itself remains unimpaired and undiminished. His recalcitrancy avails him nothing. To hold otherwise is to undo what we have several times said: that the imprisonment is not a part of the punishment. It is, indeed, not the performance of the judgment. It is based upon his refusal to perform the judgment. The judgment, as well as the statutes, contemplates the payment of the full sum of money. The statute is mandatory that the defendant must be sent to jail unless he pays the fine, but that certainly cannot stay the hand of the state in its effort otherwise to collect the fine. The three methods must be read together. They are concurrent. Neither one nullifies the other. Nothing short of actual payment of the fine as the court required by its judgment will discharge the defendant from liability to pay. A wealthy rogue might laugh defiance at the law by sulking in jail although sufficient money of his was in the registry of the court as bail for appearance for sentence. If by staying in jail in idleness he reduces the fine, which is the punishment, he is being thereby punished. But we have several times said that such imprisonment is not punishment nor any part thereof. Logically we must retract that statement of the law if we sustain the petitioner's contention that he has diminished the fine by loafing in jail.

In California there are three sections of the Code reading thus, as quoted in *People* v. *Brown,* 113 Cal. 35 (45 Pac. 181):

"Sec. 1205. A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of imprisonment, which must not exceed one day for every dollar of the fine.

"Sec. 1206. A judgment that the defendant pay a fine constitutes a lien in like manner as a judgment for money rendered in a civil action."

"Sec. 1214. If the judgment is for a fine alone, execution may be issued thereon as on a judgment in a civil action."

In substance, those statutes are like our own. The court, speaking by Mr. Justice GAROUTTE, went on to say:

"It will be seen, by the authorities previously quoted, that section 1205 only applies where there is no direct and express judgment or imprisonment; that is, if there is a judgment of imprisonment coupled with a judgment of fine, then the fine is not enforceable by imprisonment. A fair construction of section 1206 is that if the judgment be for a fine, without the alternative of imprisonment, it constitutes a lien upon defendant's realty; and we think this construction equally sound whether the judgment be one of imprisonment and fine, or one simply of fine not coupled with a judgment of imprisonment. We likewise conclude the true meaning of section 1214 to be that, if there is a fine alone,—that is, a fine without the alternative of imprisonment,—then an execution may issue as in civil actions; and, as in section 1206, we think this is equally true whether the judgment be one of fine coupled with a judgment of imprisonment, or whether it be simply a judgment of fine without a judgment of imprisonment. By this construction the words 'if the judgment is for a fine alone,' refer to a case where there is no alternative imprisonment to enforce the fine, and not to a case where there is a judgment of imprisonment coupled with the fine. By adopting this construction the sections all become a harmonious whole, and for

every contingency contemplated by the legislative mind provision is made.''

The question resolves itself into this: whether the statute gives the defendant the option of translating the judgment that he pay a fine into one that he suffer imprisonment, or whether the statutes shall be taken altogether and allow the state to employ all the means provided for the collection of the entire money judgment. The former alternative gives to the defendant the power to nullify at his pleasure Sections 1601 and 3543, providing, in one instance, for execution against his property and, in the other, for compelling him to labor. The confusion arises from the extremely technical construction placed on the last clause of Section 1577, reading thus:

''the judgment to pay the fine shall operate to authorize and require the imprisonment of the defendant until the fine is satisfied at the rate above mentioned.''

Taking it literally, in connection 'with the other statutes, the matter is clarified by transposing the last clause so as to read thus:

''the judgment to pay the fine shall operate to authorize and require the imprisonment of the defendant at the rate above mentioned until the fine is satisfied.''

The clear intent of the statute is to provide the rate or extent of the imprisonment in the effort of the state to enforce payment. It has no reference whatever to any rate of payment. The payment is strictly specified by the judgment of the court and there has been no attempt whatever in the statute to confer upon the defendant the option of paying or not as he chooses. The various sections applicable to such a case contemplate that performance

119 Or.—43

of the judgment shall be embodied only in payment of money as the judgment itself requires, the only substitute being labor which earns the money. The means of compelling that ultimate result are not to be confounded with the actual performance of the judgment. Because he has not paid in full the amount of the judgment, and has not remained in jail the full time specified, the petitioner is not entitled to be discharged.

The judgment of the Circuit Court should be affirmed.

For these reasons, I dissent to the opinion of Justice BEAN.