STATE, RESPONDENT, *v.* GROOM, APPELLANT.

(No. 6,805.)

(Submitted April 8, 1931. Decided April 14, 1931.)

[300 Pac. 226.].

*Messrs. Carolan & Fenton,* for Appellant, submitted a brief; *Mr. Ernest E. Fenton,* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. F. F. Haynes,* County Attorney, and *Messrs. Gunn, Rasch, Hall & Gunn,* for the State, submitted a brief; *Mr. Haynes* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Thomas Groom was convicted of the crime of receiving stolen property; he has appealed from the judgment of conviction and an order denying him a new trial.

The information charged defendant with buying a calf, knowing it to have been stolen, with the intent to prevent the owner from again possessing the property; it described the animal with particularity and alleged ownership in the United States.

The proof adduced was ample to establish the following facts: The calf was the offspring of a cow issued by the government to an Indian residing on the Cheyenne Reservation; it was stolen from the reservation by an Indian who told Groom that it was so stolen and was purchased by Groom, at considerable less than its market value, under an agreement to buy "slick" (unbranded) calves. By reason of the fact that the calf described was stolen in the middle of a cold winter its hair was so long that both the thief and Groom mistook it for a "slick," when in fact it, like its mother, was branded with the Indian Department brand (ID) and a number brand (37), evidencing the Indian to whom the original

450

stock was issued. Under direction of Groom the animal was delivered in the night-time to avoid detection.

1. This proof made a complete case for the state (*State* v. *Moxley*, 41 Mont. 402, 110 Pac. 83); but defendant contends that it does not prove ownership in the United States and that the court erred in instructing the jury to the effect that proof that the calf was the offspring of cattle issued to an Indian and run upon the reservation under the direction and control of the government was proof that the animal was, as alleged, the property of the United States. These questions were raised and determined, contrary to defendant's position, in *State* v. *Huffman, ante*, p. 194, 296 Pac. 789.

2. It is asserted that reversible error was committed in the admission of testimony concerning other purchases made by Groom from the thief. This testimony, by the thief, Roundstone, was that prior to this transaction he had, under like circumstances and the agreement mentioned, sold and delivered to Groom ten other stolen calves in groups of twos and threes. Such testimony was clearly admissible to show the intent, and guilty knowledge on the part, of the defendant (*State* v. *Moxley*, above). But, it is contended, even so, error was committed in permitting Roundstone to detail at length his actions in capturing and removing the several calves from the reservation, as Groom was admittedly not present and therefore the testimony could not tend to establish guilty knowledge.

While the recitals were prolix, the evidence was admissible for the purpose of establishing the necessary fact, as to each larceny, that the calves in question were in fact stolen, in order that such proof might tend to establish guilty knowledge on the part of defendant.

The agreement between Groom and the Indian was that the latter would steal the calves which he would later bring to the former's home in the night-time; by the testimony here considered he but proved that he did steal them.

3. Error is assigned on the refusal to give the following instruction: "You are instructed that the testimony relative to the stealing of the calf described in the information,

and the other animals referred to in the testimony, has been introduced solely for the purpose of proving that the animals in question were stolen, and this testimony is not to be considered by you as for any other purpose than to determine whether or not these animals were in fact stolen.''

The court correctly instructed the jury as to the effect and purpose of testimony relative to other transactions of a like character and, as to that phase of the offered instruction, it might well have been refused on the ground that the substance had been covered. (*State* v. *Sorenson*, 65 Mont. 65, 210 Pac. 752; *State* v. *Toy*, 65 Mont. 230, 211 Pac. 303.) However, the offered instruction was erroneous in that it included the testimony concerning the stealing of the calf ''described in the information,'' in the category with that concerning other thefts. The evidence as to the former could properly be considered for other purposes than that stated in the offered instruction, among them the identification of the animal, its ownership by reason of the circumstances surrounding its taking, and the intent of the defendant in purchasing it to prevent the owner from again possessing it.

The court was not required to strike out a part of the instruction and thus make it good, but, it being bad in part, was justified in refusing it as a whole. (*In re Carroll's Estate*, 59 Mont. 403, 196 Pac. 996; *Ford* v. *Drake*, 46 Mont. 314, 127 Pac. 1019.)

4. Specifications 6 and 7 predicate error upon, and defendant asserts thereunder that the judgment is void because of, the fact of the failure of the record to disclose that the defendant was personally present during the entire trial and particularly at the opening thereof, or that the court, at each adjournment, gave the jury the usual admonition.

This situation was met by opposing counsel by tender of a supplementary transcript for filing, from which it appears that, after the appeal was perfected and defendant had filed herein his brief, the court corrected its minutes in this regard, after due notice and hearing. Objection to the filing of the supplemental transcript was made on the ground that the trial court had lost jurisdiction of the case and that it is unbelievable

that, nine months after the trial, the judge could remember what transpired on the trial.

As to the memory of the court, the trial judge would not be expected to recall the details of a trial months later, but, had a defendant in a felony case been absent at the opening of the trial, or thereafter on resumption, that fact would have made such an impression upon the mind of the judge that, so long as he retained any memory of the case, he could swear to the fact, and, likewise, if no such illegal proceeding had been permitted, the judge would certainly retain sufficient recollection of the case for nine months to warrant the correction of the minutes. It is noteworthy that herein there is no contention made that the defendant was not, in fact, present throughout the trial.

As to the admonition of the jury on adjournment, to the experienced trial judge that act becomes so nearly automatic that he could not well overlook it, and, should he do so, undoubtedly counsel or court attendants, or conceivably even a juror, would call his attention to the omission. There is nothing incredible in a judge being able to say nine months after a criminal trial that therein, on each adjournment, he duly admonished the jury as required by law.

Of course, when an appeal is perfected, the trial court loses jurisdiction of the case (*Molt* v. *Northern Pacific Ry. Co.*, 44 Mont. 471, 120 Pac. 809; *State ex rel. O'Grady* v. *District Court*, 61 Mont. 346, 202 Pac. 575), but does not lose jurisdiction over its records, and where by reason of misprision of the clerk, or where through inadvertence or mistake some matter is omitted from the record, the court may properly correct the minutes so that they will speak the truth, regardless of whether or not an appeal has been perfected in the case to which the minutes refer. (*State* v. *Poole*, 68 Mont. 178, 216 Pac. 798), and, in the absence of a showing to the contrary, the presumption obtains that the minutes as corrected speak the truth, in accordance with the duty which the law imposes upon the court. (*State* v. *Turlock*, 76 Mont. 549, 248 Pac. 169; *State* v. *Kepler*, 77 Mont. 307, 250 Pac. 603.)

The objections thereto are overruled and the supplemental transcript is ordered filed. With the record so supplemented, there is no merit in the assignments based on the original minutes of the court.

Judgment and order affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and FORD concur.

Rehearing denied May 7, 1931.